UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA                    :
                                            :
    -v.-                                    :     1:20-cr-00056-PAC-3
                                            :
EDWARD HERNANDEZ,                           :     **MEMORANDUM & ORDER**
                                            :
    *Defendant*.                            :
------------------------------------------------------------ x

HONORABLE PAUL A. CROTTY, United States District Judge:

    Defendant Edward Hernandez is charged in a four-count indictment that alleges kidnapping and extortion conspiracies as well as substantive counts of kidnapping and extortion. He is detained at the Metropolitan Correctional Center ("MCC") in lower Manhattan after bail was denied by Magistrate Judge Sarah Netburn and then again by this Court. Hernandez now moves for temporary pretrial release under 18 U.S.C. § 3142(i) on the grounds that he is at risk during the COVID-19 pandemic due to a claimed medical history involving high blood pressure, diabetes, and acute anemia; or, in the alternative, that restrictions the Bureau of Prisons ("BOP") imposed in response to the crisis have interfered with Hernandez's access to counsel.

    The Government opposes the motion, arguing that no compelling reason exists to grant temporary release, and that the Defendant continues to pose a serious flight risk and danger to the community. The Court held a telephonic hearing on the motion on April 22, 2020 in which the Defendant participated with the aid of a Spanish-language interpreter. The Defendant's motion for temporary pretrial release is DENIED without prejudice.

**BACKGROUND**

Hernandez was arrested on December 23, 2019.  (Minute Entry dated Dec. 23, 2019). The indictment under which Hernandez is charged with three co-defendants was filed January 21, 2020 and alleges one count each of extortion conspiracy and kidnapping conspiracy, and additional substantive counts of kidnapping and extortion, in violation of 18 U.S.C. §§ 1201(a)(1), 1201(c), 1951 and 2.  (Dkt. 12, at 1–6).  The criminal conduct in which Hernandez and his co-defendants are alleged to have engaged, which according to the Complaint and Indictment included a violent abduction followed by a car ride with acts of torture and extortion, has been laid out in two previous Orders from this Court.  *United States v. Arias Villar*, 1:20-cr-00056-PAC-4, 2020 WL 1888841, at *1 (S.D.N.Y. Apr. 16, 2020); *United States v. Guzman*, 20 Cr. 56 (PAC), 2020 WL 1700253, at *1 (S.D.N.Y. Apr. 8, 2020).   In brief, and as relevant to this motion, Hernandez is alleged to have driven a car from the Bronx, New York to Fairfield, Connecticut while his co-defendants struck and pointed a gun at the victim, burned him with cigarettes, and forced him to transfer $15,000 from his personal bank account.[1]  (Dkt. 1; Dkt. 12).

Hernandez, who was detained on consent without prejudice, entered a plea of not guilty on January 23, 2020.  (Dkt. 5; Minute Entry dated Jan. 23, 2020).  Bail was denied by Magistrate Judge Netburn after a detention hearing on the grounds of dangerousness to the community and risk of flight on February 3.  (Dkt. 15).  That disposition was affirmed as to all defendants on February 27.  (Minute Entry dated Feb. 27, 2020).  No trial date or motion schedule has been set.

---

[1] At the bail hearing before this Court the Government described Hernandez as sitting in the front seat of the car and grabbing the victim, a confidential informant, who was then allegedly "pulled . . . into the car to begin what was a three-hour endeavor of a kidnapping and extortion scheme against this confidential informant."  (Tr., Dkt. 23, at 16:13–17).

**DISCUSSION**

As a preliminary matter, this Court does not see, and the Defendant does not offer, any changed circumstances such that its assessments of dangerousness to the community and risk of flight made at the February 27 bail hearing should be reconsidered.[2] *See United States v. Stephens*, 15-cr-95 (AJN), 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020) (finding that spread of COVID-19 and production of new evidence required reconsideration of bail conditions).

The statute under which the Defendant moves for temporary pretrial release permits a district court to order the "temporary release" of a person detained without bail "in the custody of a United States marshal or another appropriate person, to the extent [the court] determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). The Defendant seeks release to home confinement with electronic monitoring in the company of his wife and children. His application does not establish why his wife would make an "appropriate person" for purposes of 18 U.S.C. § 3142(i). *See United States v. Irizarry*, 17-CR-283 (LAP), 2020 WL 1705424, at *2 (S.D.N.Y. Apr. 8, 2020).

---

[2] The Court observed in denying bail:

> The crimes alleged here are very serious, dangerous, abhorrent. The charges of a kidnapping, and then extortion and force by beatings and torture are very, very serious crimes, and cut at the very basic order of our society.
>
> I've studied 18 U.S.C. § 3142 and I know this is not a presumption case, but the fact that it's not a presumption case does not mean that the defendants are entitled to bail. I find that there is a danger to the community, based on the violent acts that were perpetrated in December of 2019. I find also that there is a danger of flight. So I'm going to not admit the defendants to bail.

(Tr., Dkt. 23, at 26:17–27:2).

The Defendant principally argues that his pre-existing medical conditions—high blood pressure, diabetes, and acute anemia—"put him at significantly high risk of contracting and dying from COVID-19," constituting a "compelling reason" for temporary pretrial release under the statute  (Dkt. 29, at 1–2).  Some courts in this district have granted motions releasing defendants who were awaiting trial or sentencing as the COVID-19 crisis has developed.  *See United States v. Hernandez*, 18 Cr. 834-04 (PAE), 2020 WL 1684062, at *3 (S.D.N.Y. Apr. 2, 2020) (collecting cases).  Some of those courts have held that an individualized and sufficiently grave health concern regarding a particular defendant's exposure to COVID-19 can constitute a "compelling reason" under 18 U.S.C. § 3142(i).  *United States v. Belardo*, No. 20-CR-126-LTS, 2020 WL 1689789, at *2 (S.D.N.Y. Apr. 7, 2020) ("[I]ndeed, in limited circumstances, a serious medical condition can constitute a 'compelling reason' under [18 U.S.C. 3142(i)].").  *Compare United States v. Deutsch*, No. 18-cr-00502 (FB), 2020 WL 1694358, at *1 (E.D.N.Y. Apr. 7, 2020) (denying motion for pretrial release for defendant who was pre-diabetic, but "[did] not suffer from any pre-existing respiratory issues" and whose "medical condition appear[ed] well managed throughout his pretrial detention.").

This case has indications of lack of candor and muddled information that are particularly troubling when the Court has to base its decision in large part on the Defendant's own representations regarding his medical conditions.  The Government observes that when he was interviewed by Pretrial Services, Hernandez "reported that he did not suffer from any medical conditions and was in good health." (Dkt. 30, at 1).   While defense counsel represented at the telephonic hearing held on April 22, 2020 that this initial interview was conducted in English and without the benefit of a translator for Hernandez, Pretrial Services says its records indicate that the interview was done in the presence of Hernandez's attorney and with a Spanish language

4

interpreter.  Further undercutting the Defendant's version of events is Pretrial Services' report dated February 3, 2020, which says the "defendant stated he is in good physical health with no medical problems reported."  (Updated Pretrial Services Report, Feb. 3, 2020, at 3).  This report was based on an interview conducted December 26, 2019, "with the assistance of [a] Spanish language interpreter and in the presence of defense counsel." (*Id.* at 1).  Also, the most recent BOP health records available, dated January 13, 2020, indicate that the Defendant said that he believed his health conditions had abated as of his last encounter with a doctor.  Without more, these shifting descriptions of the Defendant's health seem too convenient.  There is no reliable record here of a health condition that the Court can confidently rely on as a basis for granting temporary pretrial release.

Hernandez's arguments regarding restrictions to his access to counsel do not alter the Court's conclusion that the Defendant should remain in detention.  This Court recently granted an application for temporary release under 18 U.S.C. § 3142(i) in *United States v. Chandler*, 1:19-cr-867 (PAC), 2020 WL 1528120 (S.D.N.Y. Mar. 31, 2020), but Hernandez's case is different.  The defendant in *Chandler* had a pre-COVID-19 trial date set for the beginning of May, material had been produced by the Government pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and the defendant was alleged to have engaged in the single charged count (being a felon in possession of a firearm) on his own. *Chandler*, 2020 WL 1528120, at *1–3.  Hernandez, like Chandler, is a pretrial detainee—but the similarities end there.  Hernandez has no scheduled trial date, there is no suggestion that the quality of the evidence against him has weakened, and, as the Government rightly points out, Hernandez is alleged to have engaged in group criminal activity the nature of which suggests dangerousness that cannot be lessened by home confinement and electronic monitoring. *See Arias Villar*, 2020 WL 1888841, at *1 (denying

5

temporary release to Hernandez's co-defendant); *Guzman*, 2020 WL 1700253, at *1 (same); *United States v. Eley*, 20 Cr. 78-3 (AT), 2020 WL 1689773, at *1 (S.D.N.Y. Apr. 7, 2020) (denying pretrial release for defendant alleged to have committed four shootings).

Hernandez was detained after this Court found that the potential of danger to the community and risk of flight required that bail be denied. None of his new contentions change that determination. 18 U.S.C. § 3142(i)'s text suggests that the provision is most appropriately used when particularized circumstances unique to the individual defendant, and perhaps implicating significant legal rights ("preparation of the person's defense"), lean toward granting temporary pretrial release. 18 U.S.C. § 3142(i). Hernandez has certainly not met that standard.

The remainder of the Defendant's motion consists primarily of rote recitations of the dangers of COVID-19 to society generally and in a detention facility in particular. The mere fact of the ongoing pandemic is not grounds for release under 18 U.S.C. § 3142(i). *United States v. Zou*, 20 Cr. 51 (PAC), 2020 WL 1700252, at *1 (S.D.N.Y. Apr. 8, 2020). The Government contests some of the assertions regarding precautions taken at the MCC and by the BOP. But more importantly the Government argues that the Defendant's factual contentions, flatly stated, do not support a successful motion for this particular defendant under 18 U.S.C. § 3142(i).

**CONCLUSION**

The Defendant is alleged to have participated in a terrifying course of conduct that involved kidnapping, torture, and the brandishing of a firearm. The concerns that informed the Court's initial bail determination are unabated. Hernandez raises underlying health conditions which may make him more susceptible to COVID-19, but there is reason to question the accuracy of those representations and he has not shown that they put him uniquely at risk. The Defendant's motion for pre-trial release under 18 U.S.C. § 3142(i) is accordingly denied without prejudice. The Clerk of the Court is directed to close the motion at Docket 29.

Dated: New York, New York
       April 24, 2020

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge